RICHARD H. OAKLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45778. Promulgated December 7, 1931.

*J. D. Peeler, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The sole issue in this proceeding is whether or not the individual business of the petitioner theretofore conducted under the name of Oakley Paint Manufacturing Company was properly and legally transformed into a partnership through the various documents executed by the petitioner and his wife on December 31, 1922.

The respondent's counsel contends that unless the petitioner made a valid gift of a portion of his property on that date he was still the owner thereof and taxable with the income derived from it. He cites the rule laid down in *Edwin J. Marshall*, 19 B. T. A. 1260, in which we said:

To constitute a gift in contemplation of law, there must be (1) an intention on the part of the donor to give—that is, to surrender complete control and dominion over the property to the donee; (2) there must be an acceptance of the gift by the donee; and (3) there must be a transfer of title accompanied by delivery of the property.

and asserts that the first and third elements are lacking in the case at bar. We do not agree with this contention. Apparently the respondent confuses an interest in the going business of the Oakley Paint Manufacturing Company with the business itself and the assets thereof. By the assignment of December 31, 1922, the peti-

tioner completely divested himself of all interest in and ownership of three-fourths of the enterprise known as the Oakley Paint Manufacturing Company and on the same day he transferred three-fourths of the common shares of the Western Avenue Golf Club held by him. The petitioner, his wife, and his attorney were fully aware that the petitioner so disposed of such interests. There were no reservations or secret agreements of any kind—nothing that would impute bad faith to the transaction. The intention and purpose of the petitioner to give to his wife individually and as trustee for their minor children the three-fourths interest in the paint business were clearly shown by the evidence. The concurrent assignment and transfer of the Western Avenue Golf Club certificates of interest (also known as common shares) were wholly consistent with that intent. The reason for making such a disposition of the petitioner's property was fully explained and appears sound. The method and means of accomplishing the desired result were entrusted to the petitioner's attorney. The subsequent acts of the petitioner, the adjustment of partnership books, the annual audit by outside accountants, the crediting of one-fourth of the income and the debiting of one-fourth of the withdrawals to each partner's account, unequivocally support this conclusion. *H. T. Loper*, 12 B. T. A. 164.

It is conceded by the respondent that the donee accepted the gift.

The assignment and trust agreement definitely and completely transferred the title to the property of the petitioner, namely, the paint business carried on by the Oakley Paint Manufacturing Company and 147.69 shares of the Western Avenue Golf Club, and divested him of all control and dominion thereof. Certificates of interest in the Western Avenue Golf Club were issued to Beatriz Oakley, individually and as trustee, and hence the title thereto, accompanied by the delivery of the certificates, passed to her. Under the trust agreement the petitioner received 36.93 shares of the Western Avenue Golf Club and a one-fourh interest in the assets of the paint company. The delivery of the transferred interests in the paint business was accomplished by the instrument of assignment duly executed. Thus the requirements set forth in the *Marshall* case have been fully met.

The establishment of the trust and the formation of the partnership followed the assignment as sequential steps in the plan devised by the petitioner's attorney. We do not question the fact that the partnership agreement properly created a partnership composed of the petitioner, Beatriz Oakley, individually, and Beatriz Oakley as trustee for Barbara and Jean Oakley. We have held repeatedly that

a husband may constitute his wife his partner by giving her an interest in the business. *Elihu Clement Wilson*, 11 B. T. A. 963; *John T. Newell*, 17 B. T A. 93, and cases there cited; *Glenn M. Harrington*, 21 B. T. A. 260.

The respondent has based his denial of partnership status on his determination that the gifts and partnership were not bona fide and that hence he regarded the business as a sole proprietorship. We find in the record no evidence or suspicion of bad faith. The respondent's counsel claims that the control and dominion of the petitioner's business were as much his after as before the execution of the several instruments on December 31, 1922, and therefore the assignment did not represent a true gift. The provision of the assignment granting the petitioner the sole authority to conduct the business was contingent upon the formation of the partnership. The articles of copartnership contained a similar but amplified provision. Thus the petitioner's exclusive management of the business must be viewed in relation to the partnership and not to the gift of the interests in the business. Partners may agree to lodge in one partner the sole management of the business or some department thereof. 47 C. J. 831. In *Millard D. Olds*, 15 B. T. A. 560, we held:

Government counsel points emphatically to the fact that the three daughters were not able to withdraw their shares of the profits without restraint and that the father retained control over such withdrawals. From this he argues, untenably we believe, that the daughters did not possess a right to require a division of the profits. The right to demand a division of profits and the right to withdraw such profits are not synonymous. Nor is there anything inconsistent with the existence of the partnership relationship in the provision that except for personal needs the profits should remain in the business subject to the discretion delegated to one member. The right to demand an accounting was not foregone by the delegation of such management and control.

The partnership agreement of December 31, 1922, provided that the partners should share equally in profits and losses. The record discloses that from early in 1923 the existence of the partnership was made known to the friends and business associates of the petitioner. See *Leonard M. Gunderson*, 23 B. T. A. 45. Hence, we are of the opinion that the petitioner has established that during the years under consideration he was a partner in the business carried on under the name of the Oakley Paint Manufacturing Company and is chargeable with one-fourth of the income thereof.

*Judgment will be entered for the petitioner.*